THE SONNENFELD MILLINERY COMPANY, A CORPORATION, APPELLANT, v. MR. AND MRS. J. F. ZIRNHELD, MRS. ZIRNHELD, ALSO KNOWN AS MRS. RUTH ZIRNHELD, RESPONDENTS.—75 S. W. (2d) 608.

St. Louis Court of Appeals. Opinion filed November 8, 1934.

*Davis & Todd* and *Lee A. Hall* for appellant.

*Irvin H. Gamble* for respondents.

BECKER, J.—Plaintiff began its action in a justice of the peace court of the City of St. Louis to recover the sum of $48, being the alleged balance due on a fur coat purchased by defendants.

Defendants filed as their answer a general denial, and also filed a counterclaim in which they set out an action for damages in the

sum of $100, for the alleged failure on the part of plaintiff to put new skins in the collar of the said fur coat to replace certain skins which had worn out before the end of the first season's wear, which plaintiff at the time of the purchase of the coat had agreed to replace.

Upon a trial of the case the jury returned the following verdict:

"We the jury in the above cause, find in favor of both defendants on plaintiff's cause of action.

"And we further find in favor of both defendants and against the plaintiff on their counterclaim and assess their damages at the sum of $1."

From the resulting judgment plaintiff appeals.

The record discloses that at the close of defendants' evidence in chief, and again at the close of the entire case, plaintiff requested a peremptory instruction that under the law and the evidence plaintiff was entitled to recover, and to direct a verdict in favor of plaintiff and against defendants in the sum of $48, together with interest thereon at the rate of six per cent per annum from January 1, 1930. These instructions were refused. Thereafter plaintiff asked a number of instructions, some of which were given and some refused, and among those refused was a like peremptory instruction.

Upon the record plaintiff was clearly entitled to the peremptory instruction directing a verdict in its favor upon its cause of action.

At the outset of the case counsel for defendants was asked by the court:

"Q. Is there any dispute over the amount or a dispute over the article? I gather from counsel's statement there was not.

"COUNSEL FOR DEFENDANTS: Yes; that is true.

"THE COURT: If you had no counterclaim, there would be no dispute over the amount due?

"COUNSEL FOR DEFENDANTS: Well, we filed a general denial and the counterclaim.

"THE COURT: Well, you don't deny they bought the coat?

"COUNSEL FOR DEFENDANTS: No. We set forth that they did buy the coat.

"THE COURT: And the price that they charged for it?

"COUNSEL FOR DEFENDANTS: Yes. $347."

The defendant, Mrs. Zirnheld, on the stand admitted repeatedly that plaintiff's account was correct and that a balance of $48 was due plaintiff. She testified:

"I had every intention of paying this $48 whenever they made their agreement good, and when they refused to do anything further about the coat, I merely withheld it to see how much it was going to cost me to have the coat done elsewhere, and I felt that that was chargeable to them.

". . . I refused to pay the $48 for the merchandise which I

bought of Sonnenfeld's after they refused to make good their agreement. Then I withheld further payment. That was in May or June, 1931, as I recall it."

With reference to a partial payment of $19, made on May 25, 1931, Mrs. Zirnheld was asked:

". . . Do you know why that was paid? A. Yes, sir. It was made because I had full intention of paying the entire $48 at that time. I had no reason not to. They had not refused to make it good. I merely felt that I was withholding enough to take care of it in case they didn't. However, I expected to pay the full amount.

"Q. If I understand you right you state you expected to pay the $48. A. Yes, sir. . . . I owed $48 after they refused to fix my coat and that is the deferred payments on the coat."

When Mrs. Zirnheld was testifying on redirect-examination the court asked:

"Q. I understand there is no dispute she owed the bill and intended to pay it.

"COUNSEL FOR DEFENDANTS: Not a bit."

In light of the testimony which we have set out above we must rule that plaintiff was entitled to a directed verdict upon the amount it sued for, and that the court erred in its refusal.

Since plaintiff, as a matter of law, is entitled to a directed verdict on its cause of action, and a verdict of the jury has been returned in favor of defendants on their counterclaim as against plaintiff in the sum of $1, and no error has been assigned on this appeal to the trial of the said counterclaim, notwithstanding that the appeal is from the entire judgment, we may remand the case on reversal, with directions to the trial court to enter the judgment that should have been originally entered. [Knisley v. Leathe (Mo. Sup.), 178 S. W. 453; Monmouth College v. Dockery, 241 Mo. 522, 145 S. W. 785; Moss Tie Co. v. Stamp (Mo. App.), 25 S. W. (2d) 138; Noell v. Ry. Co. (Mo. App.), 21 S. W. (2d) 937.]

In this connection we call attention to the fact that though the defendant's counterclaim arose out of the very contract sued on by plaintiff as its cause of action, yet defendants' counterclaim was not of such a nature or character that it could only exist by destroying, wholly or partially, the claim upon which plaintiff's suit was brought. In other words, the defendants could well be indebted to plaintiff for a balance of $48 upon the coat purchased, and at the same time the defendants be entitled to damages as for a failure on the part of the plaintiff to have made certain repairs to the coat which plaintiff had agreed to make in the event they became necessary within a given period of time. The proof of plaintiff's cause of action would not disprove the counterclaim. Plaintiff's cause of action could stand and that of the defendants' counterclaim fail, or *vice versa*, or, as in the

instant case, upon the record before us, plaintiff could be entitled to a judgment for the balance due upon the account, and the defendants recover on their counterclaim the sum of $1.

For the error in the refusal of plaintiff's requested peremptory instruction, the judgment of the circuit court is reversed and the cause remanded with directions to the lower court to enter a verdict for plaintiff on its cause of action for the sum of $48, together with interest thereon at the rate of six per cent per annum from January 1, 1930, and to deduct therefrom $1 allowed by the jury in their verdict in favor of both of the defendants and against the plaintiff on their counterclaim, and to enter judgment in favor of plaintiff for the difference between the two sums. It is so ordered.

*Hostetter, P. J.*, and *McCullen, J.*, concur.